PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § | Chapter 11 |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] § | Case No. 19-34054-sgj11 |
| § | |
| Reorganized Debtor. § | |
| § | |
| THE CHARITABLE DAF FUND, L.P., § | |
| § | |
| Plaintiff, § | Adversary Proceeding No. |
| § | |
| vs. § | 22-03052-sgj |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | |
| § | |
| Defendant. § | |
| § | |

## HIGHLAND CAPITAL MANAGEMENT, L.P.'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS AMENDED MOTION TO DISMISS

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Highland Capital Management, L.P. ("Highland"), the reorganized debtor and defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), submits this Memorandum of Law in support of its amended motion to dismiss the Adversary Proceeding (the "Motion").[2] In support of its Motion, Highland states as follows:

## PRELIMINARY STATEMENT[3]

1.     Seven months after this Court entered the Confirmation Order confirming Highland's Plan, plaintiff, The Charitable DAF Fund, L.P. ("Plaintiff"), filed its Complaint in the District Court.[4] In its Complaint, Plaintiff alleged that Highland, during the ordinary course operation of its bankruptcy estate, breached its contractual and extra-contractual duties to Plaintiff as an investor in Multi-Strat and that Plaintiff was harmed by those breaches. The Complaint is fatally flawed and must be dismissed for at least two independent reasons.

2.     First, as Plaintiff knew or should have known, the causes of action asserted in the Complaint—that Highland breached its contractual and extra-contractual duties to Plaintiff during the bankruptcy—are "administrative expense claims" and, under the clear terms of the Plan, were required to be filed with this Court and served on Highland no later than September 25, 2021. Despite these clear terms, and in a transparent attempt to evade this Court, Plaintiff gambled and asserted its claims in the District Court. That decision was fatal. Plaintiff's claims are time-barred and must be disallowed.

---

[2] Concurrently herewith, Highland is filing the *Appendix in Support of the Amended Motion to Dismiss* (the "Appendix"). Citations to the Appendix are notated as follows: Ex. #, Appx. #.

[3] Capitalized terms used but not defined in this Preliminary Statement have the meanings given to them below.

[4] Plaintiff is a "charitable trust" under the control of James Dondero, Highland's founder and former President and Chief Executive Officer, and which largely exists for Mr. Dondero's personal benefit. The Complaint is Mr. Dondero's third attempt to sue Highland for alleged mismanagement of Multi-Strat during this case. The Dugaboy Investment Trust, Mr. Dondero's family trust ("Dugaboy"), filed a proof of claim with this Court (Ex. 1, Appx. 1-6) alleging substantially the same claims set forth in the Complaint. Dugaboy also filed a complaint in the District Court against Highland that was nearly identical to the Complaint and that asserted the same claims included in its proof of claim. Ex. 2, Appx. 7-18. After causing Highland to incur significant legal expense, Dugaboy withdrew its proof of claim and complaint.

3.	Second, Plaintiff is not an investor in Multi-Strat.  Plaintiff should know this, but, regardless of Plaintiff's reasons for filing the Complaint, the result is the same.  Plaintiff lacks standing to assert the claims in the Complaint, and this Court accordingly lacks jurisdiction to adjudicate the claims asserted in the Complaint.  The Complaint must be dismissed.

4.	For the reasons set forth above and below, and pursuant to Rules 12(b)(1) and (b) of the Federal Rules of Civil Procedure (the "FRCP"), made applicable to this Adversary Proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "FRBP"), Highland respectfully requests that the Court dismiss the Complaint with prejudice since the defects are not capable of being cured.

## RELEVANT BACKGROUND

### A.	Background to the Adversary Proceeding

5.	On October 16, 2019 (the "Petition Date"), Highland commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.  On December 4, 2019, the Delaware Court entered an order transferring venue of Highland's bankruptcy case to this Court [Bankr. Docket No. 186].[5]

6.	On February 22, 2021, this Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "Confirmation Order") (Ex. 3, Appx. 19-180), which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P (as Modified)* [Bankr. Docket No. 1808] (the "Plan") (Ex. 4, Appx. 181-247).

---

[5] "Bankr. Docket No. __" refers to the docket maintained in Case No. 19-34054-sgj11.

7.      The Plan contained customary provisions regarding the filing and adjudication of "administrative expense claims." All "administrative expense claims"[6] were required to be "Filed"[7] within 45 days of the "Effective Date" of the Plan.[8]

8.      On July 22, 2021, seven months *after* entry of the Confirmation Order, Plaintiff commenced an action against Highland by filing an *Original Complaint* [Docket No. 1] (the "Complaint") in the U.S. District Court for the Northern District of Texas (the "District Court").[9] Ex. 5, Appx. 248-59. The Complaint alleged that Highland, under the direction of James P. Seery, Jr., violated the contractual and extra-contractual duties it owed to Plaintiff as an investor in Multi-Strat (defined below) and that Plaintiff was harmed thereby. Ex. 5, Appx. 252-58. Highland's alleged misconduct occurred during the spring and summer of 2020, *i.e. after* the Petition Date while Highland was a debtor-in-possession. *Id.*, Appx. 251. The contracts allegedly breached were assumed by Highland pursuant to the Plan. Ex. 4, Appx. 224-25; Bankr. Docket No. 1875-5 (Ex. 6, Appx. 260-68).

9.      For reasons known only to Plaintiff, Plaintiff never served the Complaint on Highland or its counsel.

10.     On August 11, 2021, Highland filed the *Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700] (the "Notice of Effective Date"). Ex. 7, Appx. 269-73. The Notice of

[6] *See* Ex. 4, Appx. 203-04 ("If an Administrative Expense Claim … is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable … an application for allowance and payment of such Administrative Expense Claim.")

[7] *Id.*, Appx. 196 ("'Filed' … means … filed … with the Bankruptcy Court or its authorized designee in the Chapter 11 Case.")

[8] *Id.*, Appx. 189 ("Administrative Expense Claim Bar Date" means "with respect to any Administrative Expense Claim … becoming due on or prior to the Effective Date, 5:00 p.m. (prevailing Central Time) on such date that is forty-five days after the Effective Date.")

[9] While not relevant to this Motion, Highland disputes the absurd factual and legal allegations in the Complaint and reserves all rights.

Effective Date disclosed that the "Effective Date" (as defined in the Plan) had occurred on August 11, 2021.

11.     Consistent with the Plan, the Notice of Effective Date also disclosed that all "administrative expense claims" were required to be filed no later than 45 days after the Effective Date (*i.e.*, September 25, 2021) (the "Administrative Expense Claim Bar Date").

12.     Highland served the Notice of Effective Date on Plaintiff [Bankr. Docket No. 2747]. Ex. 8, Appx. 310.

13.     On August 26, 2021, Plaintiff filed *Plaintiff's Motion to Stay All Proceedings* [Docket No. 6] (the "Stay Motion"), requesting a stay pending appeal of the Confirmation Order to the Fifth Circuit. Ex. 9, Appx. 450-56. Just as with the Complaint, Plaintiff did not serve the Stay Motion on Highland, and the District Court entered an order granting the unopposed Stay Motion [Docket No. 7] (the "Stay Order"). Ex. 10, Appx. 457-58.

14.     In response to Plaintiff's gamesmanship, Highland filed its *Motion for Reconsideration of Stay Order* [Docket No. 8] (the "Reconsideration Motion") (Ex. 11, Appx. 459-67) and its *Motion to Dismiss* [Docket No. 11] (the "Motion to Dismiss") (Ex. 12, 468-76) in the District Court. The Reconsideration Motion was fully briefed, but, because of the Stay Order, the Motion to Dismiss was not.

15.     On May 19, 2022, the District Court granted the Reconsideration Motion finding the Complaint was "related to" Highland's bankruptcy, lifted the stay, and referred this matter to the Bankruptcy Court for adjudication pursuant to the standing order of reference (Miscellaneous Order No. 33) [Docket No. 18]. Ex. 13, Appx. 477-79.

**B.     Background to Multi-Strat**

16.     Multi-Strat is a pooled investment fund structured as a "mini master" and consists of Highland Multi Strategy Credit Fund, L.P., a Delaware limited partnership (the "Master

4

Fund"), and Highland Multi Strategy Credit Fund, Ltd., a Cayman Islands exempted company (the "<u>Feeder Fund</u>").[10]   The Master Fund and the Feeder Fund are collectively referred to as "<u>Multi-Strat</u>."

17.    Multi-Strat's investors include both the limited partners in the Master Fund and the shareholders of the Feeder Fund (which itself is a limited partner of the Master Fund).  The ultimate investors, whether direct or through the Feeder Fund, are commonly referred to as Multi-Strat's limited partners.  Multi-Strat's current limited partners are:

| Limited Partner | Ownership %[11] |
| --- | --- |
| Highland | 58.70% |
| CLO Holdco, Ltd. ("<u>CLOH</u>") | 4.06% |
| The Dugaboy Investment Trust | 1.71% |
| Highland Capital Management Services, Inc. | 35.10% |
| Mark Okada | 0.43% |

*Declaration of James. P. Seery, Jr, in Support of Amended Motion to Dismiss.* (Ex. 17, Appx. 592-93.  In addition to the limited partners, there are a number of former "redeemed" limited partners of Multi-Strat.  *Id.*, Appx. 593.

18.    Although Plaintiff, on information and belief, is the parent of CLOH, Plaintiff is not a Multi-Strat limited partner, investor, or "redeemed" limited partner.  *Id.*

---

[10] The Master Fund's governing document is the *Fourth Amended and Restated Limited Partnership Agreement of Highland Multi Strategy Credit Fund, L.P.*, dated November 1, 2014 (the "<u>LPA</u>").  The Feeder Fund's governing document is the *Amended and Restated Memorandum and Articles of Association of Highland Multi Strategy Credit Fund, Ltd.*, as adopted on 1 November 2014 (the "<u>Articles</u>").  Highland's obligations as investment manager are set forth in the *Third Amended and Restated Investment Management Agreement, by and among Highland Multi Strategy Credit Fund, Ltd., Highland Multi Strategy Credit Fund, L.P., and Highland Capital Management, L.P.*, dated November 1, 2013 (the "<u>IMA</u>").  The LPA, Articles, and IMA are attached hereto as Ex. 14, Appx. 480-534, Ex. 15, Appx. 535-77, and Ex. 16, Appx. 578-89, respectively.

[11] Ownership is on a consolidated basis without regard to whether a party is invested in the Master or Feeder Fund. Highland reserves the right to challenge the purported Dondero- and/or Okada-controlled interests.

## ARGUMENT

### A. The Complaint Asserts a Time-Barred Administrative Expense Claim and Must Be Dismissed

19. In the Complaint, Plaintiff contends it was injured when Highland caused the sale of Multi-Strat's assets during the spring and summer of 2020—*after* the Petition Date, before the Effective Date, and while Highland was a debtor-in-possession—in violation of Highland's alleged contractual and extra-contractual duties to Plaintiff. Plaintiff's claim, therefore, constitutes an "administrative expense claim" against Highland. *Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 441-42 (5th Cir. 2019) (finding post-petition breach of assumed contract creates an administrative claim) (citing *In re Airlift Int'l, Inc.*, 761 F.2d 1503, 1509 (11th Cir. 1985)).

20. Article II of the Plan dictates the procedures for the filing and allowance of "administrative expense claims." Pursuant to Article II of the Plan, parties seeking "administrative expense claims" were required to (i) file those claims with this Court specifically (not the District Court) *and* (ii) serve those claims on Highland no later than the Administrative Expense Claim Bar Date (*i.e.*, September 25, 2021). *See* Ex. 4, Appx. 189, 196, 203-04. Any "administrative expense claim" not filed by the Administrative Expense Claim Bar date is time-barred. *See In re Taco Bueno Rests., Inc.*, 606 B.R. 289 (Bankr. N.D. Tex. 2019) (claim barred as late-filed when claimant failed to file an application for administrative expense by applicable bar date).[12]

---

[12] *See also In re Maxus Energy Corp.*, 2022 Bankr. LEXIS 706, at *20-21 (Bankr. D. Del. Mar. 22, 2022) (claim barred because it was not filed by administrative claim bar date and "a claims bar date 'operates as a federally created statute of limitations, after which the claimant loses all of [its] rights to bring an action against the debtor") (citations omitted); *Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.)*, 190 B.R. 185, 188 (Bankr. S.D.N.Y. 1995) (administrative claim barred despite claimant asserting it in district court because it was not filed with the bankruptcy court before the bar date).

21.     Here, despite having notice of the Administrative Expense Claim Bar Date and the Plan,[13] Plaintiff chose to file (but not serve) its Complaint in the District Court rather than filing an "administrative expense claim" in this Court as required by the Plan. Plaintiff's decision to disregard this Court's orders is fatal. The Administrative Expense Claim Bar Date passed nearly eight months ago, and Plaintiff is time-barred from asserting the claims raised in the Complaint.

**B.      Plaintiff Lacks Prudential and Constitutional Standing to Assert the Claims**

22.     The Complaint alleges Plaintiff was injured because Highland mismanaged the sale of certain of Multi-Strat's assets and, in doing so, breached its contractual and extra-contractual duties to Plaintiff as an investor in Multi-Strat. But Plaintiff is not a limited partner or investor in Multi-Strat and lacks standing to assert the claims in the Complaint.

**Plaintiff Has Failed to Plead Constitutional Standing to Assert the Claims**

23.     Plaintiff has the burden of proving constitutional standing and must show (i) it suffered an "injury in fact;" (ii) that injury was "fairly traceable" to defendant's conduct; and (iii) the injury can be "redressed" by the court. *See, e.g., Bennett v. Spear*, 520 U.S. 154, 162 (1996). Constitutional standing cannot be waived and must be assessed at every point in a proceeding. *See, e.g., Smith v. Detroit Indep. Sch. Dist.*, 2009 U.S. Dist. LEXIS 152749, at \*3 (Bankr. E.D. Tex. Mar. 31, 2009) (citing *U.S. v. Hays*, 515 U.S. 737, 742-43 (1995)) ("It is the Court's obligation to address the issue of standing, which is ***always*** necessary and cannot be waived.") (emphasis in original).

24.     As set forth above, Highland and Plaintiff were not contract counterparties and Plaintiff was not an investor in Multi-Strat. Highland therefore owed Plaintiff no duty of any

---

[13] Appx. 8. By filing the Stay Motion on August 26, 2021, Plaintiff also admitted to knowledge of the Plan and its terms well in advance of the Administrative Expense Claim Bar Date.

kind with respect to its management of Multi-Strat, and Plaintiff has not alleged how it could have suffered a legally cognizable "injury-in-fact" resulting from Highland's management of Multi-Strat.

25.     While Plaintiff arguably could have constitutional standing if it is the parent of CLOH (a Multi-Strat investor), Plaintiff would have had to plead its relationship to CLOH, that CLOH was injured, and that the injury to CLOH caused injury to Plaintiff.  *See BCC Merch. Solutions, Inc. v. Jet Pay, LLC*, 129 F.Supp.3d 440, 449-50 (N.D. Tex. 2015) (finding plaintiff parent company had constitutional standing when it pled injury it suffered arising from breach of contract to which its subsidiary was a counterparty).  Plaintiff, however, has not done this nor could it.  Plaintiff lacks constitutional standing.

**Plaintiff Lacks Prudential Standing to Assert the Claims**

26.     Plaintiff lacks prudential standing because it is not the "real party in interest" as required by Rule 17(a) of the FRCP, made applicable by Rule 2017 of the FRBP.  Prudential standing is a "'fundamental restriction on [federal judicial] authority" and requires 'a litigant [to] assert his or her own legal rights… and []not rest a claim to relief on the legal rights or interests of third parties.'"  *Id*. at 450 (citations omitted).  Prudential standing is a separate requirement from constitutional standing, and, if a plaintiff lacks prudential standing, the action must be dismissed regardless of whether the plaintiff has constitutional standing.  *Id.*

27.     This prudential standing requirement is embodied in Rule 17(a) of the FRCP, which mandates that a claim be brought by the "real party in interest," *i.e.*, the party "with the right to sue under … the controlling state or federal substantive laws."  *Id.* at 450, 453.  The substantive law governing this dispute is either (i) Cayman Islands law (Plaintiff is a Cayman Islands exempted partnership and the Articles are governed by Cayman law) or (ii) Delaware law (the LPA and the IMA are governed by Delaware law).

8

28. Here, Plaintiff is not an investor in Multi-Strat and has no right to assert the actual investors' contractual or other rights under applicable substantive law.[14] *See Cayman Hotel and Golf Inc. v. Resort Gems Ltd. Grand Court* (Ex. 18, Appx. 604) ("[D]efendant was not a party who ought to have been joined in the contractual claim … such amendment would have been contrary to the principles of privity of contract, the additional defendant not having been a party to the contract …"); THE CONTRACTS (RIGHTS OF THIRD PARTIES) LAW, 2014, § 4, Ex. 19, Appx. 620 (holding that third party may enforce a contract only if it is identified by name and the contract expressly provides in writing that it may); *Browne v. Robb*, 583 A.2d 949, 954-55 (Del. 1990) (applying Delaware law and finding plaintiff lacked standing to assert breach of a contract to which it was neither a party nor an intended third-party beneficiary).[15]

29. That Plaintiff is the parent of CLOH, a Multi-Strat investor, changes nothing. A parent cannot assert the contractual rights of its subsidiaries or pierce its own corporate veil to do

---

[14] The result is the same if federal common law applies. *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank*, 747 F.3d 44, 49 (2d Cir. 2014) *cert denied* 2015 U.S. LEXIS 1370 (U.S. Feb. 23, 2015) (applying federal common law and finding plaintiff lacked prudential standing to assert breach of contract when it was neither a party nor an intended third-party beneficiary).

[15] *See also Carroll v. JPMorgan Chase Bank*, 575 Fed. Appx. 260, 260-61 (5th Cir. 2014) (finding plaintiff lacked standing and was not the "real party in interest" when it had no right to sue under contract); *Farrell Constr. Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir. 1990) (finding plaintiff was not a "real party in interest" when it was neither a party to the contract nor a third party beneficiary); *BCC Merch.*, 129 F.Supp.3d at 460 (holding plaintiff was not a "real party in interest" and lacked prudential standing when it sought to assert the contract rights of its wholly-owned subsidiary); *see also Hillside Metro*, 747 F.3d 48-49 ("We conclude that Hillside does not have prudential standing in this case because it cannot enforce the terms of the [contract], as to which it is neither a party nor a third-party beneficiary, but the enforcement of which is a necessary component of its claim"); *Williams v. Bd. of Educ. of Chicago*, 506 Fed. Appx. 517, 520 (7th Cir. 2013) ("Neither situation describes the federal lawsuit filed by Williams, whose indefinite, inchoate claims arise entirely from a dispute between two business entities whose contracts granted him no direct or incidental benefit and thus leave him without standing to bring these claims); *Pelletier v. Rodriguez*, 2021 U.S. Dist. LEXIS 131898, at *13 (D. Nev. July 15, 2021) ("[B]ecause there is no given reason that Clover Valley Ranch LLC could not pursue a breach of contract claim in its own name, the Court declines to confer prudential standing on Plaintiff to bring this claim on behalf of a third-party."); *Cumming v. Felder*, 2018 U.S. Dist. LEXIS 82081, at *5 (D. Conn. May 16, 2018) ("[A]n individual who is neither a party to an agreement nor an intended beneficiary of the agreement lacks prudential standing to sue under the agreement") (citing cases); *Alexander v. DLJ Mortg. Cap., Inc.*, 2016 U.S. Dist. LEXIS 198193, at * 8-14 (S.D. Miss. Jul. 5, 2016) (finding non-party to a contract lacked standing under FRCP 17(a) to bring breach of contract claims); *Henderson v. Benchmark Strategy, LLC*, 2011 U.S. Dist. LEXIS 90988, at *10-11 (D. Colo. Aug. 15, 2011) ("Mr. Henderson is not a party to the Consulting Agreement and is not the real party in interest to assert the rights (if any) of Henderson LLP.").

so. *See Wenske v. Blue Bell Creameries, Inc.*, 2018 Del. Ch. LEXIS 530, at *9 (Del. Ch. Nov. 13, 2018) ("'[T]he separate legal existence of juridical entities is fundamental to Delaware law.' Thus, there exists a presumption of corporate separateness, even when a parent wholly owns its subsidiary and the entities have identical officers and directors."); *Ebbw Vale Urban DC v. South Wales Traffic Area*, Ex. 20, Appx. 628 ("Under the ordinary rules of law, a parent company and a subsidiary company, even a 100 per cent subsidiary company, are distinct legal entities, and in the absence of an agency contract between the two companies one cannot be said to be the agent of the other"); *see also BCC Merch.*, 129 F. Supp. 3d at 460 ("[W]hile BCC may have Article III standing, the Court finds that it lacks prudential standing and is not the real party in interest entitled to enforce the ISO Agreement, which BCC's subsidiary, BankCard, undisputedly entered into alone.")

30.    For the foregoing reasons, Plaintiff is not a "real party in interest" as required by Rule 17(a) and lacks prudential standing to assert the claims in the Complaint.

**C.    Granting Leave to Amend the Complaint Would Be Futile**

31.    Because the administrative expense claims asserted in the Complaint are time-barred and because Plaintiff lacks standing, granting Plaintiff leave to amend its Complaint would be futile. *See, e.g., Stripling v. Jordan Prod. Co.*, 234 F.3d 863, (5th Cir. 2000) (finding amendment "futile" when the "amendment complaint would fail to state a claim upon which relief could be granted.")

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (a) grant the Motion and dismiss the Complaint with prejudice and (b) grant such other and further relief as the Court deems just and proper.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: May 27, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

11