SBAITI & COMPANY PLLC
Mazin A. Sbaiti (TX Bar No. 24058096)
Jonathan Bridges (TX Bar No. 24028835)
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367

*Counsel for The Charitable DAF Fund, L.P.
and CLO Holdco, Ltd.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| THE CHARITABLE DAF FUND, L.P. | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 22-03052-sgj |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO HIGHLAND CAPITAL
MANAGEMENT, L.P.'S AMENDED MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

I.     INTRODUCTION ...............................................................................................................1

II.    BACKGROUND .................................................................................................................1

III.   ARGUMENTS & AUTHORITIES .....................................................................................3

        A.     This Action is Not Subject to the Plan's Bar Date ..................................................3

        B.     No Forfeiture or Default is in the Best Interests of
              the Creditors ............................................................................................................5

        C.     The DAF Has Standing and Should be Given Leave
              to Amend .................................................................................................................6

IV.   CONCLUSION ....................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Abraugh v. Altimus*,
   26 F.4th 298 (5th Cir. 2022) ...................................................................................6

*Amberg v. Fed. Deposit Ins. Corp.*,
   934 F.2d 681 (5th Cir. 1991) ...................................................................................7

*In re Cantu*,
784 F.3d 253 (5th Cir. 2015) ........................................................................................6

*In re Jack/Wade Drilling, Inc.*,
   258 F.3d 385 (5th Cir. 2001) ...................................................................................4

*In re Whistler Energy II, L.L.C.*,
   931 F.3d 432 (5th Cir. 2019) ...................................................................................4

*In re Whistler Energy, II, LLC*
   931 F.3d 432 (5th Cir. 2019) ...................................................................................4

*Lambrecht v. O'Neal*, 3 A.3d 277, 282 (Del. 2010) .......................................................6

*Norris v. Causey*,
   869 F.3d 360 (5th Cir. 2017) ...................................................................................6

*Outlaw Lab., LP v. Shenoor Enter., Inc.*,
   371 F. Supp. 3d 355 (N.D. Tex. 2019) .....................................................................6

*Rideau v. Keller Indep. Sch. Dist.*,
   819 F.3d 155 (5th Cir. 2016) ...................................................................................7

*Santerre v. Agip Petrol. Co.*,
   45 F. Supp. 2d 558 (S.D. Tex. 1999) .......................................................................6

*Wieburg v. GTE Sw., Inc.*,
   272 F.3d 302 (5th Cir. 2001) ...................................................................................7

**Rules & Codes**

11 U.S.C. § 1129(a)(7)(A)(i)–(ii) ...................................................................................5

Fed. R. Bankr. P. 7015 ....................................................................................................5

Fed. R. Bankr. P. 7017 ............................................................................................................. 7

Fed. R. Civ. P. 15 ..................................................................................................................... 5

Fed. R. Civ. P. 17(a)(3) ............................................................................................................ 7

**Other**

11 Collier on Bankruptcy 1129.02[7] (16th ed.) ..................................................................... 5-6

**I.**

**INTRODUCTION**

Plaintiff The Charitable DAF Fund, L.P. ("DAF") submits this Response to the May 27, 2022 Amended Motion to Dismiss filed by Defendant Highland Capital Management, L.P. ("Highland") and would respectfully show as follows:

First, Highland's Motion mistakenly conflates the defined term "Administrative Expense Claim," as used in Debtor's Chapter 11 Plan of Reorganization (the "Plan"), with the definition of an administrative priority claim under the Bankruptcy Code. Plaintiff respectfully submits that this error undermines Highland's entire argument for dismissal, which should be denied.

Second, and in the alternative, Highland overreaches by requesting a forfeiture or default as a result of any technical noncompliance.

Third, Plaintiff has standing as an indirect investor—at the very least derivatively—and should be granted leave to amend to cure any defect, providing the injunction provisions in the Plan do not prohibit this action altogether.

**II.**

**BACKGROUND**

The DAF filed this action on July 22, 2021. At that time, no legal impediment existed to filing the action, and Highland has identified none.

On August 11, less than three weeks later, Highland elected to cause the Plan to go effective, thereby triggering the injunction provisions of the Plan (the "Plan Injunction"):

> Upon entry of this Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan. Except as expressly provided in the Plan, this Confirmation Order, or a separate order of the Bankruptcy Court, ***all Enjoined Parties are and shall be permanently enjoined***, on and after the Effective Date, with respect to any Claims and Equity Interests, ***from directly***

1

> ***or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor***, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief [Bankr. Dkt. No. 1943] at 76–77 (Ex. 3, Appx. 00095–96), and Ex. A (Plan) at 50–51 (Ex. 3, Appx. 166–167) (emphasis added).

As a result of the Plan Injunction, on pain of contempt, the DAF was unable to continue this action in any manner. Highland admitted as much in a previous filing, its Memorandum of Law in Support of Motion for Reconsideration of Stay Order [Doc. 9]. There, based on the very language emphasized above, Highland stated that "Plaintiff is an 'Enjoined Party' under the Plan, and by their express terms, the Confirmation Order and Plan expressly enjoin Plaintiff from continuing the Action." *Id.* at 4.

Thus, the parties agree that this Court enjoined the DAF from serving Highland with process. The DAF respectfully submits that the Plan Injunction also enjoins repackaging and continuing this action as an "Administrative Expense Claim," which Highland apparently contends is appropriate.

Despite the absence of formal service, this Court can and should take judicial notice of its own docket, which demonstrates that Highland learned of the action immediately, as evidenced by the time entries of the lawyers working on this matter. *Compare, e.g.*, Application for

2

Compensation and for Reimbursement of Expenses [Bankr. Dkt. No. 2742] pdf 87 ("7/28/2021 Review and address open legal issues re Dubaboy/MSCF claim"), *id.*, pdf 72 ("7/26/2021 Conference with J.Dubel regarding litigation issues regarding new Dondero matters"), *and id.*, pdf 71 ("7/24/2021 Email to Board with new Dondero litigation"), *with* Highland's Mem. of Law in Support of Motion for Reconsideration of Stay Order [Doc. 9] at 1 n. 2 (defining "MSCF" to mean "Highland Multi Strategy Credit Fund, L.P.," the subject of this litigation).

The DAF sought and obtained a stay of the action to avoid a default while the validity of the Plan was appealed to the Fifth Circuit. Motion to Stay All Proceedings [Doc. 6]; Stay Order [Doc. 7].

Highland obtained relief from that stay, obtaining an order from the district court referring this action here on May 19, 2022. *See* May 19, 2022 Order [Doc. 18].

Highland now asks in this Motion for what amounts to a forfeiture or default judgment. The Motion should be denied.

### III.

### ARGUMENTS & AUTHORITIES

A. **THIS ACTION IS NOT SUBJECT TO THE PLAN'S BAR DATE**

Highland's dismissal argument hinges on the treatment of this action as an "Administrative Expense Claim" under Article I.B.2 of the Plan. This is not a correct reading of the Plan, which defines Administrative Expense Claim as something more limited than any and all claims that could potentially qualify for administrative priority under the Code. Rather, the Plan identifies it as a defined term referring to the following:

> [A]ny Claim for costs and expenses of administration of the Chapter 11 Case that is Allowed pursuant to sections 503(b), 507(a)(2), 507(b) or 1114(2) of the Bankruptcy Code, including, without limitation, (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of

3

> preserving the Estate and operating the business of the Debtor; and (b) all fees and charges assessed against the Estate pursuant to sections 1911 through 1930 of chapter 123 of title 28 of the United States Code, and that have not already been paid by the Debtor during the Chapter 11 Case and a Professional Fee Claim.

Plan at p. 2, (Art. I, § B.2), App. 00118. "Claim" is defined coterminous with the Bankruptcy Code, 11 U.S.C. § 101(5).1. Thus, while the claims in the underlying lawsuit are "claims" as defined by the Bankruptcy Code, it is plain that the universe of Administrative Expense Claims is narrower than any Claim and is limited to "Claim[s] for costs and expenses of administration of the Chapter 11 Case."

Moreover, the distinction between any Claim and an Administrative Expense Claim is one of priority, not viability. Tellingly, the only authority Highland cites for its argument, *In re Whistler Energy II, L.L.C.*, 931 F.3d 432, 442 (5th Cir. 2019), uses only the term "administrative priority claim"—meaning a claim for priority—and never uses the term "administrative expense claim" at all. *See generally id.* (neither disturbing nor even addressing the bankruptcy court's finding, quoted at 440, that it is "clear that at a minimum, [the plaintiff] has a general unsecured claim against the bankruptcy estate in the amounts it seeks"); *id.* at 441 (quoting *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 389 (5th Cir. 2001), for the proposition that "[t]he question is therefore 'not whether [the creditor] deserves to get paid, but whether [it] deserves to get paid at the expense of [the debtor's] existing unsecured creditors'").

Thus, whether the DAF's claims are entitled to priority may perhaps be determined by resort to the Plan's definitions of Administrative Expense Claim and, relatedly, the Administrative Expense Claim Bar Date, but neither these Plan provisions nor the *Whistler Energy* case provide any basis for outright dismissal.

4

**B. NO FORFEITURE OR DEFAULT IS IN THE BEST INTERESTS OF THE CREDITORS**

Alternatively, the DAF respectfully submits that, even if the Administrative Expense Bar Date applies here, the Court need not and should not apply it in a manner that would effect a forfeiture or the equivalent of a default. Rather, if the Court deems it necessary, the DAF asks it to treat this action—and its reference here by order of the district court—as a request for an order permitting a late claim or treating the filing of this action as a timely Administrative Expense Claim under Rule 15 of the Federal Rules of Civil Procedure, Rule 7015 of the Federal Rules of Bankruptcy Procedure, and the relation-back doctrine.

In light of the timely filing in district court and relation back, at most, the DAF has only failed to meet the formal service requirements applicable to Administrative Expense Claims under the Plan—a failure which caused no prejudice to Highland, who received prompt notice in any event, and which is the result of the DAF's cautious reading of the broad prohibitions of the Plan Injunction.

Further, in these circumstances, deeming this action forfeited would raise substantial concerns regarding the due-process and takings provisions of the Constitution. Certainly, the DAF was not on notice that preserving this already pending action would require it to violate the Plan Injunction or seek a modification to allow service and resubmission of an already pending action. The DAF respectfully submits that, if it wrongly understood the Plan Injunction to apply, its misunderstanding was based on a reasonable reading of the rules and the Plan's plain language.

And finally, dismissing the DAF's claims would result in elevating the interests of equity over the interests of a potential judgment creditor. The DAF respectfully submits that, in these circumstances, doing so would be contrary to the Code. *See* 11 COLLIER ON BANKRUPTCY ¶ 1129.02[7] (16th ed.) (providing that the "best interests of creditors" rule "is one

5

of the cornerstones of chapter 11 practice"); *In re Cantu*, 784 F.3d 253, 262 (5th Cir. 2015); 11 U.S.C. § 1129(a)(7)(A)(i)–(ii).

### C. THE DAF HAS STANDING AND SHOULD BE GIVEN LEAVE TO AMEND

Highland's standing argument fails at this stage of the case because the DAF has adequately alleged that it was an investor. Complaint ¶¶ 7, 11 [Doc.1-1] ("Highland owed contractual and fiduciary duties to Plaintiff as an investor in Multistrat."); *id.* ¶ 54 (pleading derivatively).

While Highland contends that the DAF's interest is merely a derivative one that should be pleaded with more specificity, the DAF respectfully submits that this is no basis for dismissal on jurisdictional grounds. *See Outlaw Lab., LP v. Shenoor Enter., Inc.*, 371 F. Supp. 3d 355, 360 (N.D. Tex. 2019) (cleaned up) (quoting *Santerre v. Agip Petrol. Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999), for the proposition that "prov[ing] jurisdiction exists . . . is no high bar: '[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.'"). Moreover, "[P]rudential standing does not present a jurisdictional question, but 'a merits question: who, according to the governing substantive law, is entitled to enforce the right?'" *Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022) (quoting *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017)).

Furthermore, because the DAF was a direct advisee of the Debtor, the Debtor owed the DAF direct duties—a matter which can be pleaded via amendment if necessary to clarify the relationship. And because the DAF owns CLO Holdco, the DAF's claims are also viable as derivative claims (the DAF suing on behalf of CLO Holdco, suing on behalf of Multistrat). *See, e.g., Lambrecht v. O'Neal*, 3 A.3d 277, 282 (Del. 2010).

In the alternative, the DAF respectfully requests leave to amend the Complaint to replead its derivative claim and to join its subsidiary CLO Holdco as a Plaintiff in this action. Highland

6

does not dispute that CLO Holdco is an investor. And the DAF respectfully submits that Rule 7017 of the Federal Rules of Bankruptcy Procedure requires an opportunity to join a real party in interest in such circumstances as these. Specifically, Rule 7017 incorporates FRCP 17(a)(3), which provides:

> **The court may not dismiss an action for failure to prosecute in the name of the real party in interest** until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Thus, the rule literally prohibits the very act that the movant asks for. *See also Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 165-66 (5th Cir. 2016); *Wieburg v. GTE Sw., Inc.*, 272 F.3d 302, 308 (5th Cir. 2001); *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) (counseling against technicalities in such circumstances and in favor of "decid[ing] cases on the merits").

### IV.

### CONCLUSION

For these reasons, Plaintiff respectfully asks the Court to (1) deny Highland's motion, (2) grant Plaintiff leave to amend the complaint if such request is not prohibited by the Plan Injunction, and (3) grant all such other relief to which Plaintiff is entitled.

| | |
|---|---|
| Dated: July 5, 2022 | Respectfully submitted, |
| | **SBAITI & COMPANY PLLC** |
| | */s/ Mazin A. Sbaiti* |
| | **Mazin A. Sbaiti** |
| | Texas Bar No. 24058096 |
| | **Jonathan Bridges** |
| | Texas Bar No. 24028835 |
| | JPMorgan Chase Tower |
| | 2200 Ross Avenue – Suite 4900W |
| | Dallas, TX 75201 |
| | T: (214) 432-2899 |
| | F: (214) 853-4367 |
| | E: mas@sbaitilaw.com |
| |    jeb@sbaitilaw.com |
| | ***COUNSEL FOR PLAINTIFFS*** |