PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>    Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE CHARITABLE DAF FUND, L.P.,<br><br>    Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Defendant. | Adversary Proceeding No.<br><br>22-03052-sgj |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY IN SUPPORT OF**
**ITS AMENDED MOTION TO DISMISS**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:46123.4 36027/003

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ADDITIONAL BACKGROUND TO THE COMPLAINT .......................................................... 2

ARGUMENT .................................................................................................................................. 3

    A.     The Claims Asserted in the Complaint Are Administrative Expense Claims ................ 3

           i.     The Claims Are Administrative Expense Claims under the Plan ........................... 4

           ii.    The Administrative Expense Claims Are Time-Barred ......................................... 6

    B.     Plaintiff Has Articulated No Reasonable Basis to Treat the Complaint as "Timely" .... 7

    C.     Plaintiff Lacks Standing to Assert the Claims; Amendment Is Futile .......................... 10

## **TABLE OF AUTHORITIES**

**CASES**

*BCC Merch. Solutions, Inc. v. Jet Pay, LLC*,
 129 F. Supp. 3d 440 (N.D. Tex. 2015) ................................................................................... 10

*Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.)*,
 190 B.R. 185 (Bankr. S.D.N.Y. 1995) ............................................................................ 7, 9, 10

*In re AI Copeland Enters., Inc.*,
 991 F.2d 233 (5th Cir. 1993) ................................................................................................ 4, 5

*In re Charlesbank Laundry, Inc.*,
 755 F.2d 200 (1st Cir. 1985) ..................................................................................................... 5

*In re Maxus Energy Corp.*,
 639 B.R. 51 (Bankr. D. Del. 2022) ........................................................................................... 7

*In re Murchison*,
 85 B.R. 27 (Bankr. N.D. Tex. 1987) ......................................................................................... 9

*In re Opus Mgmt. Grp. Jackson LLC*,
 2017 Bankr. LEXIS 555 (Bankr. S.D. Miss. Feb. 27, 2017) ..................................................... 9

*In re Taco Bueno Rests., Inc.*,
 606 B.R. 289 (Bankr. N.D. Tex. 2019) ............................................................................ 5, 8, 9

*Lambrecht v. O'Neal*,
 3 A.3d 277 (Del. 2010) ........................................................................................................... 10

*Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*,
 931 F.3d 432 (5th Cir. 2019) ..................................................................................................... 4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
 507 U.S. 380 (1993) .............................................................................................................. 7, 8

*Reading Co. v. Brown,*
 391 U.S. 471 (1968) ............................................................................................................... 4, 5

*Stripling v. Jordan Prod. Co.*,
 234 F.3d 863 (5th Cir. 2000) ................................................................................................... 10

*Texas v. Lowe (In re H.L.S. Energy Co.)*,
 151 F.3d 434 (5th Cir. 1998) ..................................................................................................... 4

*Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)*,
 258 F.3d 385 (5th Cir. 2001) ..................................................................................................... 4

**STATUTES**

11 U.S.C. § 1129 ................................................................................................................................. 8

11 U.S.C. § 503 ............................................................................................................................. 4, 10

11 U.S.C. § 503(a) ..................................................................................................................... 7, 8, 9

11 U.S.C. § 503(b) ......................................................................................................................... 4, 5

11 U.S.C. § 503(b)(1)(A) ................................................................................................................... 4

**OTHER AUTHORITIES**

4 Colliers on Bankruptcy ¶ 503.06[c][i] ........................................................................................ 5

**RULES**

Fed. R. Civ. P. 12(b)(1) .................................................................................................................... 10

Fed. R. Civ. P. 12(b)(6) .................................................................................................................... 10

Fed. R. Civ. P. 15(a) ........................................................................................................................ 10

Fed. R. Civ. P. 17(a) ........................................................................................................................ 10

Highland Capital Management, L.P. ("Highland"), the reorganized debtor and defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), submits this reply (the "Reply") in further support of *Highland Capital Management, L.P.'s Amended Motion to Dismiss* [Docket No. 19] (the "Motion") and in opposition to *Plaintiff's Response to Highland Capital Management, L.P.'s Amended Motion to Dismiss* [Docket Nos. 29, 30] (the "Response"). In further support of its Motion, Highland states as follows:

**PRELIMINARY STATEMENT[2]**

1. Plaintiff filed its Complaint[3] in the District Court in July 2021, where it was pending when Highland's Plan became effective in August 2021. Hoping to avoid this Court's jurisdiction, Plaintiff, represented by counsel who has been active in this case since April 2021, consciously decided to file the Complaint in the District Court (but not serve it) rather than file an administrative claim prior to the Administrative Expense Claim Bar Date as required by the Plan.

2. On November 23, 2021, that same counsel appeared before this Court on behalf of Plaintiff in another matter and argued the Plan injunction prohibited the prosecution of pre-Effective Date lawsuits in this Court and other courts. Highland's counsel argued the Plan injunction did not leave Plaintiff without a remedy but required Plaintiff to pursue its claims in this Court by filing an administrative expense claim. The Court, in its ruling, commented that Plaintiff's counsel misunderstood the Plan injunction.

3. Thereafter, rather than promptly filing an administrative expense claim in *this* action, submitting to this Court's jurisdiction, and attempting to explain why it failed to comply with the Administrative Expense Claim Bar Date, Plaintiff did nothing hoping it could prosecute

---

[2] Concurrently herewith, Highland is filing the *Amended Appendix in Support of the Amended Motion to Dismiss* (the "Amended Appendix"). Citations to the Amended Appendix are notated as follows: Ex. #, Appx. #.

[3] All capitalized terms used but not defined in this Reply have the meanings given to them in *Highland Capital Management, L.P.'s Memorandum of Law in Support of Its Amended Motion to Dismiss* [Docket No. 20] ("Brief").

1

the Complaint in the District Court. Only after the District Court referred this matter to this Court and Highland filed this Motion did Plaintiff attempt to recast its strategic decision as an innocent misunderstanding and to request leniency. The Court should reject each of Plaintiff's arguments.

4. *First*, Plaintiff's argument that the Complaint does not assert administrative expense claims reflects a misunderstanding of basic bankruptcy law. The Supreme Court has held tort and similar claims arising from a debtor's postpetition administration of its estate are administrative expense claims. There is also no legitimate argument that the Plan injunction somehow restricted Plaintiff from asserting its claims as administrative expense claims.

5. *Second*, Plaintiff's attempt to cast its failure to file an administrative claim as "technical" non-compliance is inaccurate. Specific rules—in place to protect the estate and its creditors—govern administrative expense claims and courts regularly sustain objections for failure to comply with such rules.

6. *Third*, Plaintiff's request to file a late claim is procedurally deficient and substantively lacking. Such relief is sought by motion—not in opposition to a motion to dismiss. Moreover, Plaintiff has submitted no evidence of "cause" to support a late-filed claim and could not based on the record. Plaintiff's decision not to file an administrative expense claim was a tactical one that backfired, not negligence—excusable or otherwise.

7. *Finally*, Plaintiff lacks standing to prosecute the Complaint. Any attempt to amend the Complaint would be futile because it is now time barred.

**ADDITIONAL BACKGROUND TO THE COMPLAINT**

8. Highland's Plan was confirmed on February 23, 2021, and included clear language regarding the filing of administrative expense claims.

9. On June 25, 2021, this Court held a hearing on Plaintiff's motion to reconsider (Bankr. Docket No. 2248) at which it was disclosed that Plaintiff's counsel, Sbaiti and Co. PLLC

("Sbaiti"), had filed a complaint in the District Court on behalf of The Dugaboy Investment Trust[4] alleging the same claims asserted in Dugaboy's proof of claim. This Court admonished Mr. Sbaiti to "go back and hit the books … and be prepared to defend" filing claims outside of this Court.[5]

10. A month later, on July 22, 2021, Plaintiff surreptitiously filed the Complaint in the District Court notwithstanding this Court's admonitions. Plaintiff never served the Complaint.

11. On August 11, 2021, the Plan became effective. Plaintiff was served with the Notice of Effective Date, which disclosed that administrative expense claims had to be filed by September 25, 2021. Plaintiff did not file an administrative expense claim by the bar date.

12. On November 23, 2021, this Court held a hearing on Plaintiff's motion to stay another action filed by Sbaiti.[6] At that hearing, Plaintiff argued the Plan injunction prohibited pursuit of claims in the District Court—the same argument in Plaintiff's Response. This Court told Plaintiff its arguments "reflect, frankly, a misunderstanding of how the injunction language … applies here."[7] At the same hearing, Plaintiff was told by Highland, on the record, that the Plan did not leave Plaintiff without a remedy but required the filing of an administrative claim.[8]

13. Notwithstanding the foregoing, Plaintiff elected not to file an administrative expense claim in this Court as required by the Plan and the Bankruptcy Code.

## ARGUMENT

**A.**     **The Claims Asserted in the Complaint Are Administrative Expense Claims**

14. The Complaint alleges three causes of action premised on conduct that allegedly occurred postpetition: Highland's alleged (a) violation of the Advisers Act; (b) breach of fiduciary

---

[4] Ex. 2, Appx. 7-18.

[5] Ex. 21, Appx. 749-53. Despite being admonished by the Court, Plaintiff has apparently not engaged co-counsel with bankruptcy expertise

[6] Adv. Proc. No. 21-03067-sgj, Docket No. 55 (Bankr. N.D. Tex. Sept. 29, 2021).

[7] Ex. 22, Appx. 786-87.

[8] Ex. 22, Appx. 782.

duty; and (c) breach of contract. Ex. 5, Appx. 252-58. Each cause of action is an administrative expense claim subject to the Plan's Administrative Expense Claim Bar Date.

### i. The Claims Are Administrative Expense Claims under the Plan

15. An administrative expense claim is a priority claim under Section 503(b) for, among other things, "the actual, necessary costs and expenses of preserving the estate …." 11 U.S.C. § 503(b)(1)(A). To qualify as an "'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee [or debtor-in-possession] that benefited the estate." *See Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*, 931 F.3d 432, 441 (5th Cir. 2019) (citing *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)*, 258 F.3d 385, 387 (5th Cir. 2001). Administrative expense claims include, in pertinent part, claims arising from a debtor-in-possession's postpetition negligence, tortfeasance, and malfeasance. *See Reading Co. v. Brown,* 391 U.S. 471, 478-79 (1968) (holding that if a debtor-in-possession commits a tort or otherwise harms a non-debtor following the petition date, the injured party's claim against the debtor is an administrative expense claim even though there was no benefit to the debtor's estate).

16. The "*Reading* exception," as it is known, is routinely applied. *See, e.g., Jack/Wade Drilling*, 258 F.3d at 388 ("The *Reading* exception has survived Congressional amendments to the bankruptcy code and been recognized and applied by nearly every Court of Appeal in the nation."); *Texas v. Lowe (In re H.L.S. Energy Co.)*, 151 F.3d 434, 437 (5th Cir. 1998) (same); *In re AI Copeland Enters., Inc.*, 991 F.2d 233, 238-39 (5th Cir. 1993) (same). *Reading* has been interpreted broadly to include torts and other negligent or intentional acts committed by a debtor-in-possession as administrative expense claims. *See AI Copeland*, 991 F.2d at 239 ("[T]hose injured during … administration of an estate are entitled to an administrative priority [claim] regardless of whether their injury was caused by a tort or other wrongdoing."); *In re Charlesbank Laundry, Inc.*, 755

4

F.2d 200, 202 (1st Cir. 1985) ("If fairness dictates that a tort claim based on negligence should be paid ahead of pre-reorganization claims, then, a fortiori, an intentional action which violates the law and damages others should be so treated"), *accord AI Copeland*, 991 F.2d at 239, n.12; 4 COLLIERS ON BANKRUPTCY ¶ 503.06[c][i] ("Courts have found *Reading* directly applicable to victims of postpetition torts committed by a debtor in possession or trustee. Court have also applied the doctrine to a variety of other postpetition claims") (citing cases).

17. The facts here are undisputed. Plaintiff was allegedly harmed by Highland's breach of its duties and obligations (a) *after* the Petition Date, *after* this Court's appointment of the Independent Directors in January 2020, but *before* the Effective Date, *i.e.*, while Highland was a debtor-in-possession, and (b) arising from the ordinary course operation of the estate. Accordingly, under *Reading*, the claims alleged in the Complaint, if valid, are administrative claims.

18. Plaintiff ignores the facts and the law by arguing that "administrative priority claims" are not subject to the Plan because the Plan uses the term "Administrative Expense Claim." *See* Response at 3-4. Plaintiff attempts to create confusion where none exists. The Plan defines "Administrative Expense Claim," in relevant part, as a:

> Claim for costs and expenses of administration of the Chapter 11 Case … pursuant to sections 503(b), 507(a)(2), 507(b) … including, without limitation, (a) the actual and necessary costs and expense incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of the Debtor ….

Ex. 4, Appx. 189. There is no "distinction" in the Plan between an "administrative priority claim" and an "Administrative Expense Claim." *See* Response at 4. Both refer to claims arising from the "actual and necessary costs and expense" of the debtor-in-possession's postpetition management.[9]

---

[9] In fact, this Court has used the phrase "administrative-expense claim" to refer to an administrative priority claim under Section 503(b). *See In re Taco Bueno Rests., Inc.*, 606 B.R. 289, 302 (Bankr. N.D. Tex. 2019) ("Section 503 governs administrative-expense claims").

5

Highland's naming convention not change the substantive application of the Bankruptcy Code or the nature of an administrative expense/priority claim.

### ii. The Administrative Expense Claims Are Time-Barred

19. The claims in the Complaint are time-barred. Under the clear terms of the confirmed Plan, parties seeking "administrative expense claims" were required to (a) file a request for payment of administrative claims with this Court (not the District Court) *and* (b) serve such request on Highland by the Administrative Expense Claim Bar Date. The Plan is clear that any administrative expense claim not filed by the Administrative Expense Claim Bar Date would be time-barred. The case law is also clear.

20. In *Taco Bueno*, the debtor's plan set an "Administrative Claims Bar Date" to file administrative expense claims. *Taco Bueno*, 606 B.R. at 295. However, before the bar date, the claimant filed a proof of claim allegedly asserting an administrative expense claim instead of filing an administrative claim on the docket. *Id.*, at 295-96. The claimant subsequently filed an administrative expense claim after the expiration of the administrative claims bar date. *Id.* at 296. The Court found the claim was time-barred because it was an administrative expense claim and not filed on the Court's docket by the administrative claims bar date—notwithstanding that

6

claimant had filed a proof of claim prior to the bar date.[10] The Court also found that claimant failed to submit sufficient evidence of "cause" under Section 503(a). *Id.* at 303-04.[11]

21. Here, Plaintiff alleged causes of action are administrative expense claims and had to be filed *with this Court* by the Administrative Expense Claim Bar Date. Plaintiff knowingly chose not to file an administrative claim. As a result, the Complaint is time barred.

### B. Plaintiff Has Articulated No Reasonable Basis to Treat the Complaint as "Timely"

22. Plaintiff argues the Court should excuse its "technical" non-compliance and treat the Complaint as a "request for an order permitting a late claim or treating the filing of this action as a timely Administrative Expense Claim." Response at 5. There is nothing "technical" about Plaintiff's non-compliance, and its "request" is procedurally and legally improper.

23. The relief must be sought by a separate motion and include evidence of "cause" under Section 503(a) or, to the extent applicable to administrative expense claims, "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Here, there is no evidence supporting "cause," just the following undisputed facts:

- Sbaiti has represented Plaintiff at all relevant times. In another matter before this Court, Plaintiff admitted it had received informal advice from bankruptcy counsel.[12]

---

[10] *See also Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.)*, 190 B.R. 185, 188 (Bankr. S.D.N.Y. 1995) (administrative claim barred despite claimant asserting it in district court because it was not filed with the bankruptcy court before the bar date).

[11] In support of its holding, this Court explained the policy behind an administrative expense claim bar date:

> [D]ebtors and reorganized debtors have a keen interest in obtaining finality sooner rather than later with regard to administrative-expense claims. … It is a very important event in the bankruptcy case for the debtor and reorganized debtor to have a deadline for administrative-expense claims because administrative claims pose a significant feasibility issue for plans. … The debtor and reorganized debtor need to be able to ascertain an amount such entities must have in cash due to pay administrative expenses and must ensure the availability of an amount in cash to pay existing creditors on the effective date of the plan or soon thereafter.

*Id.*, at 302-03; *see also In re Maxus Energy Corp.*, 639 B.R. 51, 64 (Bankr. D. Del. 2022) ("[A] claims bar date 'operates as a federally created statute of limitations, after which the claimant loses all of [its] rights to bring an action against the debtor.'") (citations omitted).

[12] At the June 25, 2021, hearing shortly before the Complaint was filed, Mr. Sbaiti represented to this Court that he was receiving advice from bankruptcy counsel on whether postpetition administrative expense claims, like those asserted in the Complaint, could be filed in courts other than this Court. Ex. 21, Appx. 752-53.

7

- The Plan was confirmed on February 22, 2021, and included clear disclosures about the Administrative Expense Claim Bar Date. Plaintiff knew of the Plan and its terms.

- At a hearing on June 25, 2021, this Court admonished Plaintiff's counsel to "hit the books" and "be prepared to defend" its filing of claims outside this Court.

- On July 22, 2021, Plaintiff, through Sbaiti, filed (but did not serve) the Complaint—*i.e.*, seven months after the Confirmation Order and two months before the Administrative Expense Claim Bar Date.

- On or about August 11, 2021, Plaintiff was served with notice of the Administrative Expense Claim Bar Date.

- Plaintiff did not file an administrative expense claim with this Court by the Administrative Expense Claim Bar Date (*i.e.*, September 25, 2021).

- On November 23, 2021, this Court told Plaintiff its arguments on the Plan injunction—the same arguments made here—were mistaken. At the same hearing, Highland told Plaintiff, on the record, it should have filed an administrative expense claim in this Court.

- Between the November 2021 hearing and the filing of the Motion (more than eight months), Plaintiff never moved this Court to allow its claim as late filed or took any other action to protect its rights.

- Only after the Complaint was referred to this Court and Highland filed its Motion did Plaintiff ask this Court to consider the Complaint as "a late claim" in the Response.

- Plaintiff has not submitted evidence of "cause" as required by Section 503(a) or "excusable neglect" under *Pioneer* (to the extent it is applicable).

These undisputed facts doom the request to have the claim allowed as late filed.[13]

24. To avoid this result, Plaintiff argues it is entitled to a late claim because (a) the Complaint was filed (but not served) before the Administrative Expense Claim Bar Date; (b) Highland received "prompt" notice and was not prejudiced; (c) enforcing the Administrative Expense Claims Bar Date would raise concerns regarding Constitutional "due process and taking;" and (d) the "best interests of creditors test" in Section 1129 favors Plaintiff. Response at 5. Plaintiff

---

[13] *See Taco Bueno*, 606 B.R. at 303-04. Plaintiff had notice of the need to file an administrative expense claim with this Court, which "defeats any equitable argument that [claimant] might have raised" to support its tardy filing. *Taco Bueno*, 606 B.R. at 303. Plaintiff also is not "an unsophisticated party that might not have appreciated [the notice it received] … A significant fact defeating any equitable argument is that [claimant] had an attorney involved here at all relevant times." *Id.*, at 304.

8

also blames its failure to comply on the Plan itself, arguing the Plan injunction prevented Plaintiff from fulfilling its obligations. Each argument misses the point.

25. *First*, it is irrelevant that the Complaint was filed before the Administrative Expense Claim Bar Date. The Bankruptcy Code, the Plan, and the case law require the filing of administrative expense claims—like those in the Complaint—*on this Court's docket*, not the District Court's, for a claim to be deemed timely filed. *See, e.g.,* 11 U.S.C. § 503(a); Ex. 4, Appx. 125, 203-04; *Taco Bueno*, 606 B.R. at 302-03; *Houbigant*, 190 B.R. at 188.[14]

26. *Second,* Plaintiff's argument regarding prejudice is disingenuous. Plaintiff filed the Complaint but refused to serve it. Plaintiff cannot rely on Highland's purported diligence to justify its misconduct. Plaintiff decided (a) to avoid this Court by filing in the District Court and (b) to hide its actions.[15] The bar date exists to avoid prejudice *to Highland*, not Plaintiff.

27. *Third*, no due process or taking concerns arise if Plaintiff is required to abide by court- and statutorily-created deadlines, and Plaintiff cites to nothing to support this position.

28. *Fourth*, the "best interests of creditors" test applies to plan confirmation and is irrelevant. Regardless, it would weigh in Highland's favor. Creditors want Highland's assets monetized and proceeds distributed. Plaintiff's efforts to backdoor a frivolous administrative expense claim delays that process, increases expenses, and directly contradicts the policy behind bar dates.

---

[14] Any suggestion that the Complaint is an "informal proof of claim" should be rejected. Even assuming it is applicable, an "informal proof of claim" must be filed in the bankruptcy court and the equities must favor the claimant. *In re Opus Mgmt. Grp. Jackson LLC*, 2017 Bankr. LEXIS 555, at * 29-30 (Bankr. S.D. Miss. Feb. 27, 2017) ("The Court is unaware of any precedent that would allow it to treat the pre-bar date filing in one case as an informal proof of claim in another case."); *In re Murchison*, 85 B.R. 27, 41 (Bankr. N.D. Tex. 1987) ("Debtor's knowledge of the claim has never been held sufficient to constitute an informal proof of claim … These communications cannot constitute a proof of claim because they were not filed with the Court.").

[15] Plaintiff relies on time entries related to Dugaboy and Mr. Dondero to assert that Highland was aware of Plaintiff's Complaint. Response at 3. Even if Plaintiff is finally admitting Mr. Dondero, Dugaboy, and Plaintiff are the same, there is no evidence that *Plaintiff* put Highland, its creditors, or this Court on notice of its Complaint prior to the Administrative Claim Bar Date. Plaintiff's alleged diligence does not justify Plaintiff's decision to avoid this Court.

9

29. *Finally*, Plaintiff's argument that it was confused by the Plan injunction is not credible. The Plan injunction is clear; it prohibited Plaintiff from pursuing claims in the District Court. But it is also clear that Plaintiff could have pursued its alleged claims in this Court by properly filing them. This Court, and Highland, told Plaintiff as much in November 2021. All other claimants, even Mr. Dondero's other affiliates,[16] complied with the bar date. Plaintiff is not entitled to special treatment because it, and it alone, found the Plan confusing.

30. Ultimately, filing the Complaint in the District Court was a strategic move to avoid this Court. That decision binds Plaintiff. *Houbigant*, 190 B.R. at 187 ("[Claimant] concedes that it failed to [file its claim] to avoid the claims allowance process … [Claimant] cannot have it both ways. Equity mandates that it be bound by its tactical decisions.").

C. **Plaintiff Lacks Standing to Assert the Claims; Amendment Is Futile**

31. Highland argued the Complaint should be dismissed under FRCP 12(b)(1) and FRCP 12(b)(6). Plaintiff does not contest its failure to plead constitutional or prudential standing. Instead, it argues it has direct claims or, in the alternative, a derivative claim.[17] These allegations were not raised in the Complaint, and the Complaint must be amended to assert them.

32. Notwithstanding FRCP 15(a) and 17(a), amending the Complaint to correct Plaintiff's standing would be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). The Complaint is time barred. Any amendment would fail to state a claim.

*[Remainder of Page Intentionally Blank]*

---

[16] NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., NexBank, and CPCM, LLC, all filed administrative expense claims with this Court as required. Bankr. Docket Nos. 1826, 1888, 2868, 2869.

[17] Plaintiff has no standing, derivative or otherwise, to assert CLOH's alleged claims. *See, e.g., BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 460 (N.D. Tex. 2015). *Lambrecht v. O'Neal*, 3 A.3d 277 (Del. 2010), is inapposite. It addressed whether a derivative suit brought by Merrill Lynch's shareholders could continue after Merrill Lynch was purchased by Bank of America and whether Merrill Lynch's shareholders—now Bank of America's—could prosecute the derivative action despite holding no direct equity interests in Merrill Lynch.

| | |
|---|---|
| Dated: July 26, 2022. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>          jmorris@pszjlaw.com<br>          gdemo@pszjlaw.com<br>          hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |