# **EXHIBIT 12**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com
          rfeinstein@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| THE CHARITABLE DAF FUND, L.P., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 3:21-cv-01710-N |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Defendant. | § § § § | |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION TO DISMISS**

1

Highland Capital Management, L.P. ("Highland"), the putative defendant in the above-captioned case (the "Action"), by and through its undersigned counsel, files this motion (the "Motion") to dismiss the Action. In support of its Motion, Highland states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to section 1334(a) and (b) of title 11 of the United States Code (the "Bankruptcy Code").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

3. The predicates for the relief requested in the Motion are 28 U.S.C. § 157(a), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules), and Rules 12(b)(1), (3), (4), and (6) of the Federal Rules of Civil Procedure, made applicable in this Action pursuant to Bankruptcy Rule 7012.

## RELIEF REQUESTED

4. Through this Motion, Highland requests that this Court issue the proposed form of order attached as **Exhibit A** (the "Proposed Order") pursuant to 28 U.S.C. § 157(a).

5. For the reasons set forth more fully in *Highland Capital Management, L.P.'s Memorandum of Law in Support of Its Motion to Dismiss* (the "Memorandum of Law") filed contemporaneously with this Motion, Highland requests that the Court: (a) dismiss the Action with prejudice, and (b) grant such other and further relief as the Court deems just and proper.

6. In accordance with Rule 7.1 of the *Local Civil Rules of the United States District Court for the Northern District of Texas* (the "Local Rules"), contemporaneously herewith and in support of the Motion Highland is filing: (a) its Memorandum of Law, and (b) the *Appendix in Support of Motion to Dismiss* (the "Appendix"), together with the exhibits annexed thereto.

2

7.        Based on the exhibits annexed to the Appendix and the arguments contained in the Memorandum of Law, Highland is entitled to the relief requested herein as set forth in the Proposed Order.

8.        Notice of this Motion has been provided to all parties.  Highland submits that no other or further notice need be provided.

WHEREFORE, Highland respectfully requests that the Court (i) enter the Proposed Order substantially in the formed annexed hereto as **Exhibit A** granting the relief requested herein, and (ii) grant Highland such other and further relief as the Court may deem proper.

[*Remainder of Page Intentionally Blank*]

Dated:  October 5, 2021.                    **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

4

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 5, 2021, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

                                    */s/ Zachery Z. Annable*
                                    Zachery Z. Annable

5

# EXHIBIT A

DOCS_NY:44226.1 36027/003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE CHARITABLE DAF FUND, L.P., | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 3:21-cv-01710-N |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Defendant. | § § § § | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is *Highland Capital Management L.P.'s Motion to Dismiss* [Docket No. __] (the "Motion").[1] Having considered: (a) the Motion; (b) *Highland Capital Management, L.P.'s Memorandum of Law in Support of Its Motion to Dismiss* [Docket No. __] (the "Memorandum of Law"); and (c) the *Appendix in Support of Motion to Dismiss* [Docket No. __] (the "Appendix"), and the exhibits annexed thereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that (a) venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409; (b) the Effective Date has occurred; (c) the Confirmation Order and Plan enjoin Plaintiff from continuing any action or suit against Highland and mandate that claims against Highland be brought in the Bankruptcy Court following the Effective Date pursuant to the Injunction Provision; (d) the purported claims asserted against Highland arise from transactions that took place post-petition and, to the extent

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Memorandum of Law.

2

DOCS_NY:44226.1 36027/003

valid, would constitute post-petition administrative claims; (e) the Plan provides a specific procedure through which holders of purported administrative claims, such as Plaintiff, can file an application with the Bankruptcy Court for allowance of its administrative expense claims; and (f) based on the foregoing, under the Confirmation Order and Plan, this Court is not the appropriate venue for this Action; and this Court having found that Highland's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**.
2. The Action is **DISMISSED** with prejudice.

**It is so ordered** this _____ day of _____, 2021.

_____
The Honorable David C. Godbey
United States District Judge

3