# **EXHIBIT 19**

CAYMAN ISLANDS



Supplement No. 5 published with Extraordinary Gazette No. 35 dated 21st May, 2014.

**THE CONTRACTS (RIGHTS OF THIRD PARTIES) LAW, 2014**

**(LAW 4 OF 2014)**

**THE CONTRACTS (RIGHTS OF THIRD PARTIES) LAW, 2014**

**ARRANGEMENT OF SECTIONS**

1. Short title
2. Interpretation
3. Application
4. Rights of third party to enforce contractual term
5. Variation and rescission of contract
6. Defences
7. Enforcement of contract by promisee
8. Protection of promisor from double liability
9. Exceptions
10. Supplementary provisions relating to third party
11. Arbitration provisions

2

CAYMAN ISLANDS

Law 4 of 2014.

I Assent

Franz Manderson

Acting Governor.

14th May, 2014

**A LAW TO MAKE PROVISION FOR THE ENFORCEMENT OF CONTRACTUAL TERMS BY THIRD PARTIES; AND FOR INCIDENTAL AND CONNECTED PURPOSES**

ENACTED by the Legislature of the Cayman Islands.

1. This Law may be cited as the Contracts (Rights of Third Parties) Law, 2014.     *Short title*

2. (1) In this Law -     *Interpretation*

"contract of employment" has the meaning assigned to that expression under section 2 of the Labour Law (2011 Revision);     *(2011 Revision)*

"employee" has the meaning assigned to that expression under section 2 of the Labour Law (2011 Revision);

"set off" includes netting of claims; and

"third party" means a person who is not a party to a contract.

(2) In relation to a term of a contract which is enforceable by a third party -

       (a) "promisor" means a party to the contract against whom the term is enforceable by the third party; and

3

 (b) "promisee" means a party to the contract by whom the term is enforceable against the promisor.

Application

3. (1) This Law shall apply to any contract which, on or after the date on which this Law comes into force, includes terms which comply with section 4.

 (2) A contract made on, before or after the date on which this Law comes into force may be amended to include terms which comply with section 4.

 (3) If, after this Law comes into force, a contract is amended to include terms which comply with section 4, a third party may only enforce a right which accrues on or after the date on which the contract is amended.

 (4) If, prior to the date on which this Law comes into force, a contract included terms which comply with section 4, a third party may only enforce a right which accrues on or after the date on which this Law comes into force.

Rights of third party to enforce contractual term

4. (1) Subject to section 9, a third party may in his own right enforce a term of the contract if -

 (a) he is expressly identified in the contract by name, as a member of a class or as answering a particular description, which includes a person nominated or otherwise identified pursuant to the terms of the contract but the third party need not be in existence when the contract is entered into; and

 (b) the contract expressly provides in writing that he may.

 (2) This section does not confer a right on a third party to enforce a term of a contract otherwise than subject to and in accordance with any other relevant terms of the contract.

 (3) For the purpose of exercising his right to enforce a term of the contract, there shall be available to the third party any remedy that would have been available to him in an action for breach of contract if he had been a party to the contract and the rules relating to damages, injunctions, specific performance and other relief shall apply accordingly.

 (4) Where a term of a contract excludes or limits liability in relation to any matter, references in this Law to the third party enforcing the term shall be construed as references to his availing himself of the exclusion or limitation.

Variation and rescission of contract

5. (1) Where a third party has a right under section 4 to enforce a term of the contract, the parties to the contract may not, by agreement, rescind the contract, or

vary it so as to extinguish or alter his entitlement under that right, without his consent if -

    (a)   the third party has communicated his assent to the term to the promisor;

    (b)   the promisor is aware that the third party has relied on the term; or

    (c)   the promisor can reasonably be expected to have foreseen that the third party would rely on the term and the third party has in fact relied on it.

(2)   The assent referred to in subsection (1)(a) -

    (a)   may be by words or conduct; and

    (b)   if sent to the promisor by post or other means, shall not be regarded as communicated to the promisor until received by him.

(3)   Subsection (1) is subject to any express term of the contract under which -

    (a)   the contract may be rescinded or varied without the consent of the third party; or

    (b)   the consent of the third party is required in circumstances specified in the contract instead of those set out in subsection (1)(a) to (c).

(4)   Where the consent of a third party is required under subsection (1) or (3), the court may, on the application of one or more of the parties to the contract, dispense with his consent if satisfied that it is just and equitable to do so having regard to all the circumstances.

(5)   The court may, on the application of one or more of the parties to a contract, dispense with any consent that may be required under subsection (1)(c) if satisfied that it cannot reasonably be ascertained whether or not the third party has in fact relied on the term.

(6)   If the court dispenses with a third party's consent, it may impose the conditions it thinks fit, including a condition requiring the payment of compensation to the third party.

6.   (1)   Subsections (2) to (5) apply where, in reliance on section 4, proceedings for the enforcement of a term of a contract are brought by a third party.     *Defences*

(2)   The promisor shall have available to him by way of defence or set-off any matter that -

5

    (a)    arises from or in connection with the contract and is relevant to the term; and

    (b)    would have been available to him by way of defence or set-off if the proceedings had been brought by the promisee.

(3)    The promisor shall also have available to him by way of defence or set-off any matter if -

    (a)    an express term of the contract provides for it to be available to him in proceedings brought by the third party; and

    (b)    it would have been available to him by way of defence or set-off if the proceedings had been brought by the promisee.

(4)    The promisor shall also have available to him -

    (a)    by way of defence or set-off any matter; and

    (b)    by way of counterclaim any matter not arising from the contract,

that would have been available to him by way of defence or set-off or, as the case may be, by way of counterclaim against the third party if the third party had been a party to the contract.

(5)    Subsections (2) and (4) are subject to any express term of the contract as to the matters that are not to be available to the promisor by way of defence, set-off or counterclaim.

(6)    Where in any proceedings brought against him a third party seeks in reliance on section 4 to enforce a term of a contract including, in particular, a term purporting to exclude or limit liability, he may not do so if he could not have done so, whether by reason of any particular circumstances relating to him or otherwise, had he been a party to the contract.

| | |
|---|---|
| Enforcement of contract by promisee | 7.    Section 4 does not affect any right of the promisee to enforce any term of the contract. |
| Protection of promisor from double liability | 8.    Where under section 4 a term of a contract is enforceable by a third party and a promisee has recovered from the promisor a sum in respect of - |

    (a)    the third party's loss in respect of the term; or

    (b)    the expense to the promisee of making good to the third party the default of the promisor,

then, in any proceedings brought in reliance on that section by the third party, the court shall reduce any award to the third party to the extent it thinks appropriate to take account of the sum recovered by the promisee.

9. (1) Section 4 confers no rights on a third party in the case of a contract on a bill of exchange, promissory note or other negotiable instrument.   *Exceptions*

(2) Section 4 confers no rights on a third party in the case of any contract binding on a company and its members under sections 12 and 25 of the Companies Law (2013 Revision).   *(2013 Revision)*

(3) Section 4 confers no rights on a third party to enforce any term of a contract of employment against an employee.

(4) Section 4 confers no rights on a third party in the case of -

   (a) a contract for the carriage of goods by sea;
   (b) a contract for the carriage of goods by road, or for the carriage of cargo by air; or
   (c) letters of credit.

(5) In subsection (4) -

"contract for the carriage of goods by sea" means a contract of carriage -

   (a) contained in or evidenced by a bill of lading, sea waybill or a corresponding electronic transaction; or
   (b) under or for the purposes of which there is given an undertaking which is contained in a ship's delivery order or a corresponding electronic transaction.

10. (1) Section 4 does not affect any right or remedy of a third party that exists or is available apart from this Law.   *Supplementary provisions relating to third party*

(2) In sections 7 and 10 of the Limitation Law (1996 Revision) the references to an action founded on a simple contract and an action upon a specialty shall respectively include references to an action brought in reliance on section 4 relating to a simple contract and an action brought in reliance on that section relating to a specialty.   *(1996 Revision)*

(3) Except to the extent provided in section 11(1) or (2), a third party shall not, by virtue of section 4(4), 6(4), 6(6), 11(1) or 11(2) be treated as a party to the contract for the purposes of any other Law or any instrument made under any other Law.

11. (1) Where a right under section 4 to enforce a term is subject to an arbitration agreement, the third party shall be treated for the purposes of the Arbitration Law, 2012 as a party to the arbitration agreement as regards disputes   *Arbitration provisions*

*(Law 3 of 2012)*

between himself and the promisor relating to the enforcement of the term by the third party.

(2) Where -

(a) a third party has a right under section 4 to enforce an arbitration agreement; and
(b) the third party does not fall to be treated under subsection (1) as a party to the arbitration agreement,

the third party shall, if he exercises the right, be treated for the purposes of the Arbitration Law, 2012 as a party to the arbitration agreement in relation to the matter with respect to which the right is exercised, and be treated as having been so immediately before the exercise of the right.

(3) In this section -

"arbitration agreement" has the meaning assigned to that expression under section 2 of the Arbitration Law, 2012.

Passed by the Legislative Assembly the 11th day of April, 2014.

Juliana Y. O'Connor-Connolly

Speaker.

Zena Merren-Chin

Clerk of the Legislative Assembly.